Jose Norberto MARTINEZ–ALVARADO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70506.
INS No. A70–777–948.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2003.

Decided May 23, 2003.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Jose Norberto Martinez–Alvarado, a native and citizen of El Salvador, applied for asylum and withholding of removal, claiming to fear persecution if returned to El Salvador. The immigration judge denied Martinez's applications and the Board of Immigration Appeals affirmed. We deny Martinez's petition for review.

As the parties are familiar with the facts, we recite them only as necessary. We review the BIA's denial of asylum for abuse of discretion. *Aruta v. INS,* 80 F.3d 1389, 1393 (9th Cir.1996). Factual findings underlying the denials of asylum and withholding of removal are reviewed for substantial evidence. *Id.*

Martinez may be eligible for a discretionary grant of asylum if he either suffered past persecution or had a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also Aruta,* 80 F.3d at 1393–94. To demonstrate a well-founded fear of future persecution, Martinez must show that (1) subjectively, he had "a genuine fear of persecution," and (2) objectively, there was "credible, direct, and specific evidence of facts supporting a reasonable fear of future persecution." *Id.*

(internal quotation marks, citations, and brackets omitted).

To qualify for mandatory withholding of removal, Martinez must show that "it is more likely than not that [he] would be subject to persecution on one of the specified grounds." *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). Martinez bears the burden of proving that he qualifies for asylum or for withholding of deportation. *See Rebollo– Jovel v. INS,* 794 F.2d 441, 448 (9th Cir. 1986).

Martinez contends that he has a well-founded fear of future persecution on account of imputed political opinion. He asserts that he will be in danger if he returns to El Salvador because the military may target him under the erroneous belief that his family supports the guerrillas. As evidence, he points (1) to the killings of his aunt in 1982, his father in 1983, and his uncle in 1995, and (2) to the military's attempts to recruit him in 1990 and 1991. Martinez's testimony, even if credited, was inadequate to demonstrate a well-founded fear of persecution. Even if his father and aunt were killed for providing food to the guerillas, there is no evidence that Martinez would be endangered twenty years later simply for being related to them. *See Sangha v. INS,* 103 F.3d 1482, 1489– 90 (9th Cir.1997)(where the relationship between persecution of family members and situation of petitioner is attenuated, additional evidence is required to establish imputed political opinion). Martinez's testimony that his uncle was "possibly" killed for being a member of the family was vague, unsubstantiated, and based on hearsay. Martinez provided no direct or circumstantial evidence of the military's motive, as required. *See INS v. Elias–Za-*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*carias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Moreover, evidence in the record suggests that Martinez would *not* face persecution. None of Martinez's family members suffered any problems with the military between the time of his father's death in 1983 and the time Martinez left El Salvador in 1991. In fact, since 1983, the only suggestion of family persecution is Martinez's claim regarding his uncle's death in 1995. But that claim is unpersuasive for the reasons stated above. Importantly, Martinez's mother continues to live in El Salvador without incident. This evidence of the Martinez family's continued safe residence in El Salvador substantially supports the BIA's decision. *See Aruta,* 80 F.3d at 1395.

Martinez's contention that he faces persecution because the military falsely views him as a guerilla supporter based on his previous refusals to join the military also fails. Martinez has not shown that the military's attempts to recruit him constituted persecution based on imputed political opinion rather than ordinary attempts at conscription, which do not constitute persecution on account of one of the statutorily specified grounds. *See Rodriguez–Rivera v. U.S. Dept. of Immig. & Naturalization,* 848 F.2d 998, 1005 (9th Cir.1988). Nor has Martinez shown that he will be subject to future persecution by the military because of his past refusals to join. Martinez has provided no "indication ... that the [military] erroneously *believed* [his] refusal was politically motivated." *Elias–Zacarias,* 502 U.S. at 482, 112 S.Ct. 812 (emphasis in original).

Because Martinez fails to show a "well-founded fear" of persecution, his asylum claim fails. As such, he also fails to meet

the higher standard necessary for withholding of removal. *See Rebollo–Jovel,* 794 F.2d at 448.

PETITION DENIED.